UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC MICHAEL MILTON,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. C05-5756RBL<br>CR04-5265RBL<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2255 |

    This matter is before the court on the Petition of Eric Michael Milton for relief from his sentence under 28 U.S.C. §2255.

    A prisoner in custody pursuant to a judgment and sentence imposed by the federal court, who claims the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255.

    Mr. Milton's Petition uses a standard United States District Court form, and includes a number of Appendices. The Petition does not state the crime with which Mr. Milton was charged, or to which he plead guilty; instead, he claims that "the corporate fiction DEBTOR ENTITY ERIC MICHAEL MILTON

©) can not commit an offense."   The Petition alleges that "18 U.S.C. §2, 2113(a)(d) [sic] is unconstitutional," but offers no coherent theory or argument supporting that conclusion.[1]  Mr. Milton claims that his guilty plea was "blackmailed under force, threat, deceit and coercion, a sham," but nowhere describes or provides any facts or argument supporting this allegation.

Mr. Milton additionally claims that he, the "secured party creditor" has "never been sentenced because the plaintiff cannot interface with a natural man, nor any government agency." In the portion of the form seeking information about whether he appealed the sentence, he states that "Secured party creditor Eric Michael of the Milton family and natural man was denied council[2] because I am not a corporate fiction."

In the substantive body of the form, Mr. Milton alleges four grounds for his Petition:  First, he claims that the plaintiff United States was in contempt of court for suing in a fictitious capacity, because it does not exist.  Second, he claims that he, as a natural man conceived from a womb, is not the defendant because the government cannot interface with a natural man, only corporate fictions.  He therefore claims he has been "kidnapped" and "held captive" under "fraudulent documents."  Third, he claims that he "never formed a social compact contract called the Untied States" and therefore is not "a party to [the United States Constitution]."  Finally, Mr. Milton "challenges the in personam jurisdiction of this court."

Offered in support of the Petition are a number of what appear to be  "fill in the blank" form documents almost exclusively attacking the authority of the United States as a legal entity to impose or enforce any laws or penalties.  Ironically, these arguments are based primarily on the United States Constitution and early Opinions of the United States Supreme Court.  These largely incoherent briefs and

---

[1] Mr. Milton's materials contain references to U.S. Attorney Bruce Miyake, and to a sentencing date of January 28, 2005.  It is thus apparent that Mr. Milton's Petition refers to his 96 month sentence for pleading guilty to attempted armed bank robbery and armed bank robbery in violation of 18 U.S.C. §2113, in Cause No. CR04-5265RBL. [See Dkt. # 46 in that case.]

[2] Mr. Milton was represented by counsel, Zenon Olbertz, during the underlying case.

ORDER                                                                                  2

authorities are patently without merit, and are frivolous.   Similar efforts have been raised in other courts and to this court's knowledge none of these arguments has ever succeeded.  *See*, for example, *United States v. Hanson*, 2 F.3d 942 (9th Cir. 1993) (argument that "natural born citizen of Montana" exempt from tax laws held "utterly meritless."); *United States v. Studley*, 783 F.2d 934 (9th Cir. 1985) (same); *United States v. Masat*, 948 F.2d 923 (5th Cir 1991) (rejecting as frivolous defendant's contention that the district court lacked personal jurisdiction because defendant was a "freeman."). There are many other similarly emphatic rejections of these sorts of arguments from various courts around the country.

The Petition in this case [Dkt. # 1] is wholly without factual or legal merit, and is frivolous.  It is therefore DENIED.

DATED this 1st day of December, 2005.

/s/ Ronald B. Leighton

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER   3